**BELZUNG v. OWL TAXI et al.**
No. 1246.

Court of Civil Appeals of Texas. Eastland.
March 9, 1934.

Rehearing Denied April 6, 1934.

Gus B. Mauermann, of San Antonio, for appellant.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellees.

FUNDERBURK, Justice.

This is a suit brought by Eugene Belzung against Frank Serda and Frank Beitel to recover damages for personal injuries. Frank Serda is also referred to as "Owl Taxi." On March 18, 1931, according to the undisputed evidence, Belzung was seriously and permanently injured by being struck by a taxicab belonging to Frank Serda, and operated for him in his business. The place of the injury was on private property of Beitel Lumber Company on the south side of El Paso street in the city of San Antonio. Of the two or more grounds upon which Frank Beitel was sought to be held liable for negligence, the jury to whom the case was submitted on special issues acquitted him of all of them, unless by reason of their finding to the effect that suddenly and without warning or signal he turned his car to the left across El Paso street and immediately in front of the taxicab of the defendant Owl Taxi. In reference to that act, the jury further found that such conduct of said Beitel did not directly cause, or directly contribute to, the collision and consequent injuries. In regard to the several grounds of negligence charged to the Owl Taxi, the jury found that the taxicab was being driven at a negligent rate of speed, which directly caused, or directly contributed to, the collision and injuries; that the driver of the taxi failed to have his car under control, which also directly caused, or directly contributed to, the collision and injuries;

that just before the collision the brakes on the taxicab were in defective condition; that it was negligence to operate the same in such condition, which negligence directly caused or directly contributed to, the collision and injuries.

In response to one issue inquiring whether the several grounds of negligence of Owl Taxi which they found to have directly caused, or directly contributed to, the collision and injuries, was the sole proximate cause of the accident in question, they answered "No." The amount of damages was found to be $3,500, and upon the verdict of the jury the court adjudged that plaintiff take nothing against Frank Beitel, and gave judgment against Owl Taxi for $3,500, from which judgment the plaintiff, Belzung, has appealed.

■■ Appellant's propositions 1 to 5 each complain of certain acts as misconduct of the jury, by reason of which it is insisted the court should have granted a new trial. The misconduct charged to the juror Manton in failing to disclose, in response to questions, that he had been defendant in a damage suit is not supported by the record in that the juror, when called as a witness on the hearing of the motion for new trial, denied he had been asked any such question. There was, therefore, at least an issue of fact raised which the order overruling the motion for a new trial impliedly determined against appellant. The fact that said juror was appointed foreman of the jury at his request is certainly, we think, not conclusive evidence of bias or prejudice such as to disqualify him. Upon the contention that the same juror refused to agree to the amount of damages until the other jurors agreed to answer a previously unanswered issue so as to acquit one of the defendants of liability is not supported by the undisputed evidence. The implied finding of the trial court to the contrary is not without sufficient evidence to support it. The contention that there was misconduct in that members of the jury discussed the probability that appellee Beitel had liability insurance and his financial ability to pay is likewise not supported by the undisputed evidence. One juror testified that he did not remember anything about it at all. Others did testify that some mention was made of the matter, but none of them were able to state what was said. If there was any discussion of the fact or probability that Beitel was protected by insurance, or of his financial ability to pay, the harm would be in the supposed tendency of a jury to award a larger recovery, or to hold one to some recovery when otherwise they would not. The fact that by their findings Beitel was acquitted of liability would affirmatively show that in this case there was no injury. Lackey v. Southland Greyhound Lines (Tex. Civ. App.) 35 S.W. (2d) 739.

■■ One of the issues submitted to the jury read as follows: "If you answer 'yes' to question No. 1, but only if you so answer, then did such conduct of said Beitel directly cause or directly contribute to the collision and to any injuries to the plaintiff Eugene Belzung, which are alleged in the plaintiff's petition?" The jury answered "No." There was no objection to the submission of the special issue. However, the appellant requested the court to submit an issue as follows: "Was the failure of the defendant Frank Beitel to give warning or signal prior to the turning of his car to the left across El Paso Street and in front of the cab of the Owl Taxi the proximate cause of said injuries alleged to have been suffered by the plaintiff?" This requested issue the court refused to give. One assignment predicates error upon that action. The issue which the court gave was not correct. An act of negligence to be the proximate cause of an injury is not necessarily the direct cause within the meaning of proximate cause as a legal term. Texas & P. R. Co. v. Short (Tex. Civ. App.) 62 S.W.(2d) 995; Panhandle & S. F. R. Co. v. Miller (Tex. Civ. App.) 64 S.W.(2d) 1076. A jury would be justified in believing that to find an alleged act of negligence to be the direct cause of an injury would require them to find that it was the immediate cause of the injury, and, failing so to find, to require a negative answer.

Although the issue was improperly stated, yet it is clear enough it was an attempted submission of responsible cause; that is to say, of proximate cause. The failure of appellant to object to it waived the error. The court is not required to submit the same issue more than once. The special issue tendered by appellant may be conceded to be a correct submission of the issue of proximate cause. The question then is: Can we hold that the court erred in failing to give the requested issue when to do so would require a reversal of the case because of an error in the submission of the special issue which was submitted without objection? We are required to assume that, if proper objection had been made, the court would have correctly submitted the issue. The effect of a failure to object, and by objection afford the court the opportunity to correctly state the issue, may not be avoided by requesting submission of a correctly stated issue, and assigning as error

the refusal of the court to give it. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920.

In this connection, it may not be amiss to observe that, regardless of anything that is assigned as error, the court entered the only proper judgment which could have been rendered against Beitel. There was no issue submitted to, or found by, the jury that the act of Beitel in suddenly and without warning or signal turning his car to the left across El Paso street and immediately in front of the cab of the defendant Owl Taxi, was negligence. The facts found by the jury did not constitute negligence per se. There was no pleading of facts showing negligence per se. If it was intended to allege a case of negligence per se under provisions of Penal Code, art. 801, subd. (K), the pleading was insufficient, because it failed to allege the statutory prerequisites upon which the duty is imposed not to turn without giving visible or audible signal. We do not mean to imply the validity of the statute. A number of these provisions have been held void for uncertainty. Abbott v. Andrews (Tex. Com. App.) 45 S.W.(2d) 568 and authorities there cited. We merely hold that, whether the statute be valid or void, plaintiff's petition did not allege negligence per se. The evidence did not show, at least conclusively as a matter of law, that the facts found by the jury constituted negligence.

It follows that it was necessary to have an issue submitted to the jury and a finding thereon that the act was negligence in order to support a judgment in any event. Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S. W.(2d) 708.

There is no merit in the contention, we think, that the jury's findings that the several acts of negligence, which they found directly caused, or contributed to, the injuries, was not the sole proximate cause of the injuries, was in conflict with their finding that the act of Beitel in turning to the left was not the direct or contributing cause of the injuries. It is not necessary that all the possible causes of an injury be those alleged in the pleadings of the parties. The jury may have been of the opinion that there was some other cause which was a proximate cause of the injury, but that would not have been inconsistent with their verdict upon any of the special issues. Appellant's contention assumes that all the possible causes of the injuries must have been those acts of negligence charged to Beitel and to the Owl Taxi, and that, if those charged against the latter

did not constitute the sole proximate cause, then necessarily the negligence charged to Beitel must have been a proximate cause. This assumption for the reasons stated is not warranted.

It follows from what we have said that in our opinion the judgment of the court below should be affirmed, which is accordingly so ordered.