## C. H. MOUNTJOY PARTS CO. v. PERFECT CIRCLE CO.

### No. 10271.

Court of Civil Appeals of Texas. San Antonio.

March 16, 1938.

Rehearing Denied Aug. 17, 1938.

187

J. B. Lewright and R. G. Harris, both of San Antonio, for plaintiff in error.

Sylvan Lang, Morris Wise, and Dalton Cross, all of San Antonio, for defendant in error.

SMITH, Chief Justice.

The Perfect Circle Company recovered judgment, upon a jury verdict, against C. H. Mountjoy Parts Company for $1,213.45 damages for breach of contract, and liquidated damages thereon, and the Parts Company brought this writ of error. The parties will be referred to as appellant and appellee.

Appellee is engaged in the manufacture and sale of automobile parts, and appellant is distributor, on consignment, of such articles. Both parties are corporations, appellee being domiciled in Indiana, and appellant, in Texas, with stores in Austin and San Antonio.

For several years prior to this controversy appellant had carried, on consignment as a distributor, piston rings made and consigned to it by appellee, upon written contracts between the parties, by which appellant was obligated, during the life of the then current contract, to "feature," advertise, carry in stock and sell appellee's product to the exclusion of similar products of other manufacturers. It was further stipulated in the contract that appellee could at its option terminate the same in event appellant violated any of its provisions, including the one that appellant should carry in stock and feature appellee's products, exclusively, and that in event appellee exercised such option and terminated said contract, appellant should pay appellee ten per cent of the net cost value of unsold

articles returned by appellant to appellee upon such termination, "said ten per centum being the agreed compensation liquidation expense and charge of consignor, and which consignee agrees to pay in addition to compliance with all other terms hereof upon consignee cancelling this Contract and Agreement before the due expiration thereof."

The record shows, and the jury found, that after operating a few months under contract executed on February 7, 1935, appellant violated both the provision therein that he carry appellee's product exclusively, and advertise the same, by carrying and "featuring" similar products of another manufacturer, and by ceasing to advertise and push sales of appellee's product. When appellee discovered this discrimination against its product, it promptly terminated the contract, as provided for therein.

At that time appellant had on hand, in its two stores, a large amount of appellee's product, of a net cost value of approximately $7,000, which it returned to appellee, as provided in said contract. Appellee claims in this suit, however, that, in returning the product appellant failed to include, or account for, certain articles which had been consigned to it of the net value of $508.30, which amount, plus $705.09 as liquidated damages stipulated in the contract, made the sum of $1,213.45, for which appellee sued and recovered.

In the contract in question appellant covenanted, with reference to this inquiry, first, to carry in stock no piston rings other than of appellee's make, and, second, shall "mention and feature only Perfect Circle piston rings" in all its stationery, catalogues, price lists, correspondence, "and all other written or printed matter" used or issued by it. The jury found that appellant violated each of said covenants, and that appellee waived violation of the first, but did not waive violation of the second.

Appellant contends, in its first assignment of error and propositions thereunder, that both said covenants should be treated as one, and that the waiver of one was a waiver of both, thereby releasing appellant from damages. We overrule the contention. The two covenants were separate and distinct, and the waiver of one was not a waiver of the other. Nor can appellee be held to have waived said covenants under the contentions of appellant in its second, third and fourth assignments of error, which will be overruled. Appel-

lant's fifth assignment of error will be overruled, since it presents in this Court, for the first time, an objection to a special issue not made in the court below, and the error, if any, not being fundamental, will not be noticed here, in the absence of assignment below.

We likewise overrule appellant's sixth and seventh assignments of error, in which it is contended that the provision, in the contract, for liquidated damages was not made applicable in event appellee, but only in the event appellant, terminated the agreement. We do not so construe the contract; on the contrary, we conclude the trial court properly construed and applied it. Nor is that provision of the contract so "vague, indefinite, uncertain and ambiguous" as to render it inoperative, as contended in appellant's eighth assignment of error, which is overruled.

In its ninth, tenth, eleventh and twelfth assignments of error appellant contends, in various forms, that the contractual stipulation for liquidated damages must be construed, rather, as in the nature of a penalty for breach of contract. We conclude that the whole record supports the construction placed by the trial judge upon the provision in question, and that his ruling thereon does not show error. The specific provision is supported by every element constituting liquidated damages, and should be given effect as written. We overrule said assignments of error.

It appears from the record that upon the termination of the contract between the parties, appellant shipped to appellee certain articles of the value of $129.59 in excess of the amount it was permitted to return under express terms of the contract. When this overage was ascertained upon inventory, appellee, declining to credit appellant's account with the amount, advised appellant thereof, and further advised appellant that the latter could order such other articles it desired "to take up the total value of the excess." That remedy is still available to appellant. In this suit appellant sought to offset its account with said amount, and now, in its thirteenth assignment of error, complains of the rejection of its offer. It does not appear that this question of offset was submitted to the jury, and the court did not allow same in the judgment. The evidence upon the issue seems undisputed, the relevant contract provision was plain, and the trial court correctly enforced it. Appellant's thirteenth assignment of error is accordingly overruled.

In its fourteenth, fifteenth, sixteenth and seventeenth assignments of error appellant complains of the absence from the record of an extraneous contract referred to in the contract enforced by appellee in this suit. The extraneous contract was referred to in the contract in suit in this language:

"Perfect Circle piston rings may be sold by consignee to Wholesale Distributors and Master Distributors, as determined upon by consignor, subject to the terms and conditions of the Wholesale Distributor and Master Distributor forms of contract, which are a part of this contract and considered as incorporated herein."

Obviously the extraneous contract had to do only with appellant's sales of appellee's products to appellant's customers, and does not purport to govern or relate to transactions between appellant and appellee touching matters involved in this suit. Appellant did not except to appellee's pleading of the contract in suit, or object below to its introduction in the absence of the extraneous contract, or assert, there or here, that the latter contained any provision which would militate against appellee's recovery, or add to or aid appellant's defenses. Clearly, appellant is not in a position here to urge the absence from the record of the extraneous agreement, and makes no claim of injury on account thereof. We overrule appellant's fourteenth, fifteenth, sixteenth and seventeenth assignments of error.

In its remaining assignments of error, the eighteenth to twenty-fifth, inclusive, appellant complains of the refusal of the court to submit to the jury appellant's requested special issue upon the question of appellant's failure to advertise appellee's piston rings, as he was required to do under the contract. The record shows that issue was submitted by the court, but in a different form than that requested by appellant. Appellant did not object below to the form or substance of the issue as actually submitted, but now contends that the form used was erroneous, and the form submitted by appellant, correct, and asks for reversal on that ground. We overrule the contention that reversible error resulted from that premise. Parties may not effectually object on appeal for the first time to the form of an issue submitted below. Nor may such futile objection on appeal be

aided by showing that in the trial court the complaining party requested the submission of the same issue, but in a different, even if correct, form. So, even if the issue was submitted in an incorrect form, which need not be decided here, without timely objection below, all objections to it were waived, and the verdict thereon was just as effective and binding, as if the issue was in fact properly submitted. Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Duff v. Roeser & Pendleton, Tex.Civ.App., 96 S.W.2d 682.

If we assume, as appellant urges, that the issue was erroneously formed by the trial judge, we must further assume that the judge would have rewritten it into correct form had appellant made proper and timely objection to it. The issue was therefore submitted in the form used, without objection, and it then becoming effective, the court was not required to submit the same issue again, even though such issue in a correct form was requested by appellant. Such request, not coupled with any objection to the form used by the court, could not be given effect as an objection to the issue as given, and the court did not commit reversible error in refusing it. 41 Tex. Jur. p. 1065, § 253, and authorities there cited.

The judgment is affirmed.