L. J. VANOVER V. BERRYMAN HENWOOD, TRUSTEE
FOR THE ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY OF TEXAS.

No. 7590. Decided April 23, 1941.
Rehearing Overruled May 14, 1941.
(150 S. W., 2d Series, 785.)

*J. J. Collins* and *Pitser H. Garrison,* of Lufkin, for plaintiff in error.

On the question of the liability of the defendant see Corder v. Houston L. & P. Co., 38 S. W. (2d) 606; 30 Tex. Jur. 889-896.

*Ramey, Calhoun & Marsh,* and *G. L. Brelsford,* of Tyler, *Norman, Stone & Norman,* of Rusk, for defendant in error.

There being no allegation in plaintiff's petition that the push car was inherently dangerous it was error for the trial court to overrule defendant's general demurred. Texas P. & L. Co. v. Burt, 104 S. W. (2d) 941; 45 C. J. 163.

*F. H. McGregor,* of Amarillo, filed brief as amicus curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by L. J. Vanover for himself and as next friend of his minor son, Melvin Vanover, for damages for personal injuries sustained by the minor through the negligence of defendant in error. Liability was asserted under the doctrine of the turntable cases, generally known as the attractive nuisance doctrine. Based upon answers of the jury to special issues, judgment was rendered in the trial court that Vanover take nothing individually, but that as next friend of the minor he have and recover $500.00. That judgment was reversed by the Court of Civil Appeals and the cause remanded to the trial court. 126 S. W. (2d) 1036.

The accident was described in the opinion of the Court of Civil Appeals as follows:

"Melvin Vanover, a boy seven years of age, sustained an injury while riding on a push car belonging to the St. L. S. W. Ry. Co., in the town of Wells. The push car, approximately five feet long, 3 1/2 feet wide and eighteen inches deep, was used in the railway yards for moving heavy articles and was operated over the rails, and when not in use, it was taken from the track and placed in a narrow run-way, running at right angles to the track, between two tool houses. The run-way was a part of the depot grounds and near a highway crossing. The boy lived with his parents near the depot. On the occasion of his injury, he and other children were using the push car for their amusement. It would be pushed by some while others rode on it. At the time of his injury, Melvin was riding in a sitting position with his legs over the front, while two other children pushed it, causing it to run down a decline and against a box, injuring one of Melvin's legs when it came in contact with the box."

There was evidence to the effect that children of the town of Wells played with the push car and in the vicinity of it almost daily in the open and within view of the depot of the defendant in error and that, because the surface of the run-way was hard, the car was easily rolled by small children. In answer to special issues the jury found: 1, The push car was especially and unusually attractive to children of tender years; 2, that defendant in error and his employees should have reasonably foreseen or anticipated that such children would be attracted to it; 3, that Melvin Vanover was attracted to, and caused to play on said car because of its unusual and especial attractiveness; 4, and ordinarily prudent child of the same or similar age, experience, discretion and intelligence as that of Melvin, would have been attracted to such car; 5, that Melvin was not possessed of sufficient mental capacity, discretion and intelligence to understand and realize the liklihood of his sustaining an injury such as that which he suffered; 6, that defendant in error was negligent in failing to lock the push car on the occasion in question; 7, which was a proximate cause of the injury; 8, that he was also negligent in failing to brace the car in order to prevent its being rolled or moved about; 9, which was a proximate cause of the injury; 10, the jury further assessed the minor's damages at $500.00 and found that his parents sustained no damages. In answer to other special issues, defensive in their nature, the jury exonerated the boy and his parents from various charges of contributory negligence.

As we understand the opinion of the Court of Civil Appeals, all assignments of error presented to that court by the trustee

of the railway company were overruled, but the judgment of the trial court was reversed upon the ground that a fundamental error appeared. That fundamental error was held to be the lack of any finding by the jury upon an essential element of the right of plaintiff in error to recover. We quote the holding of the Court:

"But there was no finding by the jury in the case at bar to sustain the allegation in plaintiff's petition that for some time prior to the accident in question, the push car had been habitually used for play in defendant's yards by children of tender years, with the knowledge and consent of the defendant, and thus to make Melvin Vanover an invitee so to use it, with the ensuing duty of the defendant to exercise ordinary care for his safety. * *.

"* * * *

"For lack of such a finding upon that essential element of plaintiff's right of recovery, the judgment will be reversed and the cause remanded."

With that conclusion we cannot agree. We think it was erroneous for at least two reasons: First, the suggested issue was not an essential element of the cause of action. The jury found that defendant in error should have anticipated the presence of children on the premises in virtue of the fact that the push car was unusually and especially attractive to children of tender years and immature judgment. The existence of those facts gave rise to the duty to exercise ordinary care to prevent injury irrespective of whether he had knowledge that children had actually played with it. The first child attracted to it would sustain the same relation to the owner as those later attracted to it.

Second, if the suggested issue were proper, it would not follow that the case should have been reversed. No request was made to the trial court for the submission of such issue. The Court of Civil Appeals should therefore have deemed that the trial court found same in such manner as to support its judgment, there being evidence in the record to sustain such finding. Art. 2190, R. C. S.; Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084; Wichita Falls and Oklahoma Ry. Co. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79.

Having determined that the judgment of the Court of Civil Appeals was based upon an erroneous holding, we next must determine whether it can be upheld upon some other ground. Defendant in error in oral argument and in a supplemental

brief contends that as a matter of law this push car does not come within the purview of the rule of the turntable cases, and that we should therefore reverse the judgment of the trial court and that portion of the judgment of the Court of Civil Appeals which remands the case for another trial and render judgment here that plaintiff in error take nothing. Even if, as a matter of law, there is no liability, we could not grant him that relief. He filed no application for writ of error here. Our jurisdiction has not, therefore, been invoked in his behalf to grant him any relief from the judgment of the Court of Civil Appeals. In this situation he is entitled to have us examine the brief which he filed as appellant in the Court of Civil Appeals for the purpose of determining whether or not we can affirm the judgment of that court upon a ground different from that upon which it based its judgment. If its judgment is correct, it should not be reversed, and that is the reason why we should consider the brief filed therein. Cox, Inc. v. Humble Oil & Refining Company (Com. App.) 16 S. W. (2d) 285; Grayce v. Peterson, 128 Texas 550, 98 S. W. (2d) 781; Texas Employers Insurance Association v. Kennedy, 135 Texas 486, 143 S. W. (2d) 583; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123; Montgomery v. Houston Electric Company, 135 Texas 538, 144 S. W. (2d) 251.

■ We now consider his brief in the Court of Civil Appeals for the purpose above indicated. Certain assignments complain of the form of an issue contained in the court's charge submitting the question of unavoidable accident and of the instruction accompanying same.

The issue and instructions were as follows:

"Was the injury of the minor, Melvin Vanover, the result of an unavoidable accident?
"Answer: 'Yes' or 'No.'
"In passing upon the above issue you are instructed that unless you find a preponderance of the evidence that said injury was not the result of an unavoidable accident, you will answer said issue 'Yes,' otherwise, you will answer it 'No'."

The objections urged to the issue and instruction were: First, that the burden of proof was not placed upon the plaintiffs, and, second, that the instruction was a general charge. We cannot sustain either of these assignments. The wording was unusual, but the instruction clearly had the effect of placing the burden of proof on plaintiffs. Neither can we hold that the instruction accompanying the issue should be condemned as a

general charge. The issue of unavoidable accident is a very difficult issue to submit clearly, and we see in this instruction nothing more than a permissible charge on the burden of proof. Gulf C. & S. F. Ry. Co. v. Giun et al, 131 Texas 548, 116 S. W. (2d) 693; Houston & T. C. Ry. Co. v. Stevenson (Com. App.) 29 S. W. (2d) 995; 41 Tex. Jur. 1192, Sec. 334.

■ Another question presented in the brief in the Court of Civil Appeals is the sufficiency of the pleading as against a general demurrer, the contention being that it is fatally defective on account of the absence therefrom of an allegation that the push car was inherently dangerous. Still another assignment presented the question that there was no evidence offered upon the trial that it was inherently dangerous. The principal Texas case relied upon in support of these assignments is Stimpson v. Bartex Pipe Line Co., 120 Texas 232, 36 S. W. (2d) 473. It is stated in the opinion in that case, in substance, that in order to make applicable the attractive nuisance doctrine there must have been involved in the instrumentality claimed to be especially attractive and inviting to children a concealed, hidden or latent danger and not merely one of an obvious or patent character. That language is correct when taken in connection with the facts in the case in which it was written, but if given the application insisted upon here, the effect would be to deny the principle of the turntable cases. The danger in a turntable lies in the fact that children can move it and may become injured by so doing. While that danger is obvious to an adult, it is not obvious to a child of tender years and immature judgment, and therefore, as to it, the danger is concealed or latent. Dangers ordinarily encountered, such as the danger of falling off a structure involved in the Stimpson case, may be said, as a matter of law, to be obvious to children, but the question is not so simple when the danger is from playing with a thing on wheels which may be easily moved by children. The pioneer case on the doctrine is one in which a child was injured by the movement of a cart left unattended on a highway. Lynch v. Nurdin, 1 Q. B. 29, 113 Eng. Reprint 1041.

An exhaustive note covering much of this field of the law may be found in 36 A. L. R. pp. 34 to 294. Supplemental annotations appear in subsequent volumes as follows: 39 A. L. R. 486; 45 A. L. R. 982; 53 A. L. R. 1344 and 60 A. L. R. 1444. Those annotations are very thorough, and a consideration thereof reveals that a great variety of instrumentalities have been permitted under varying circumstances to come within the scope of the doctrine. With reference to push cars there is not a uni-

354

formity of decisions. The question of whether a push car similar to the one here involved was an attractive nuisance was before the Court of Civil Appeals at Galveston in the case of Rinker v. Galveston-Houston Electric Co., 176 S. W. 737, and it was held in the opinion on motion for rehearing that under all the facts and circumstances of that case it was a fact issue. Like holdings upon somewhat similar facts have been made in the following cases: Morrison v. Phelps Stone Co. 203 Mo. App. 142, 219 S. W. 393; Illinois Central Railroad Co. v. Wilson (Ky.) 63 S. W. 608; Cahill v. E. B. & A. L. Stone & Co. 153 Cal. 571, 96 Pac. 84; Follett v. Illinois Central Ry. Co. 288 Ill. 506, 123 N. E. 592; Public Service Ry. Co. v. Wursthorn, 278 Fed. 408.

We regard the question as a very close one, but have concluded that this case cannot be distinguished from an ordinary turntable case. Accordingly, the judgment of the Court of Civil Appeals will be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court April 23, 1941.

Rehearing overruled May 14, 1941.