**Cornelius ABRAHAM et ux., Appellants,**

**v.**

**Alexander AXELROD, Appellee.**

**No. 175.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 30, 1968.

Rehearing Denied Nov. 27, 1968.

Ben Grumbles, Grumbles & Dies, Houston, for appellants.

John P. Spiller, Spiller & Spiller, Houston, for appellee.

TUNKS, Chief Justice.

In this case the plaintiffs in the trial court, appellants here, sought recovery of damages allegedly resulting from an assault and battery committed by the defendant, appellee here, upon Mrs. Abraham. The trial was to a jury. Two special issues were submitted. Special Issue No. 1 and the instruction accompanying it were in the following language:

"Do you find from a preponderance of the evidence that the Defendant, Alexander Axelrod, on August 29th, 1961, committed an assault and battery upon the Plaintiff, Betty Abraham?

"ANSWER: 'We do' or 'We do not'.

"By the term 'Assault and Battery,' as used in this charge is meant the use of any unlawful violence upon the person of another, with the intent to injure him, whatever be the means or degree of violence used."

To that issue the jury answered, "We do not." The jury answered the other issue, the damage issue, by stating the amount $4,000.00. The trial court rendered judgment for the defendant and the plaintiffs have appealed.

The only point of error of appellants is as to the trial court's refusal to submit their requested definition of "Assault and Battery." The record reflects that they tendered to the trial court, in writing, such a definition in the following language:

> "By the term 'Assault and Battery' is meant any unlawful violence done the person of another with intent to injure her, whatever be the degree or means of violence used. When an injury is caused by violence to the person, intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. The injury intended may be either bodily pain, constraint and sense of shame or other disagreeable emotion of the mind."

The trial judge marked the requested definition "Refused" and signed it. The plaintiffs filed it with the clerk and it, bearing the refusal and signature, is included in the transcript. However, the appellants made no objection to the definition given by the trial court nor, for that matter, to any other part of the charge.

We overrule appellants' point of error.

Rule 274, Texas Rules of Civil Procedure, requires that if a definition of a legal term is given by the trial court and is claimed to be erroneous an objection to that definition is necessary to preserve the error for appeal. The request by the complaining party of a definition of the term in different language will not preserve the claimed error. Yellow Cab & Baggage Co. v. Green, 154 Tex. 330, 277 S.W.2d 92; City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176; Texas Employers' Ins. Ass'n v. Mallard (Tex.Com. App.), opinion adopted, 143 Tex. 77, 182 S.W.2d 1000; Lyles v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 405 S.W.2d 725, writ ref., n. r. e.

In Hodges, Special Issues Submission in Texas, at p. 154, it is said: "A requested issue or instruction in proper form will not serve to point out a defect in a submitted issue, a definition, or in the charge as a whole, as objection is the prescribed mode for presenting such a complaint."

On the basis of those authorities we are compelled to hold that appellants here did not comply with the requirements of the Texas Rules of Civil Procedure in preserving the error, if any, of the trial court in submitting the definition as to the legal term "Assault and Battery."

The judgment of the trial court is affirmed.