The **CITY OF BEAUMONT,** Appellant,

v.

**George T. KINARD, et al.,** Appellees.

**No. 7794.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 12, 1976.

Ken E. Wall, Jr., City Atty., Lavon Jones, Asst. City Atty., Beaumont, for appellant.

Alan McNeill, Beaumont, for appellees.

STEPHENSON, Justice.

This is a condemnation case in which the City of Beaumont took a 10-foot strip in fee. No part of the buildings on the remainder was located on the strip taken. Defendants are George Kinard and wife, as owners, and Electrical Machinery and Repair, Inc., as lessee. Trial was by jury and the City appeals from the judgment entered on the verdict.

The jury found the value of the strip taken to be $4,112 and then a difference of $13,302 in the before and after values of the remainder. No complaint is made on this appeal as to the value of the strip taken.

The City has a series of points complaining about the action of the trial court in allowing defendants' witness to testify to the cost of reconstruction or restoration of improvements on the remainder land. It is urged that the admission of such testimony was error, because there is no evidence that such improvements were rendered valueless or obsolete by the taking and also because there is no evidence that the difference in the market value before and after the taking would exceed the cost of construction. It is also urged generally that there is no evidence of diminution in value to the remainder after the taking. We consider these points of error together.

Defendants' evidence relating to these points of error is generally as follows: defendant lessee's business is that of repairing large electric motors, and trucks are used exclusively to get the machinery in and out of this plant. There are high cranes running the length of the building on stationary steel frames, which lift the machinery off of the trucks into the truck receiving bay. The cranes then move the machinery into a work area. Large tractor-trailer trucks have to come off of a busy thoroughfare onto the premises, and negotiate a turning and backing procedure to reach the receiving bay. After the taking, there is no longer room for the large trucks to back into such bay area. The substance of the testimony objected to is that the utility of the building on the remainder is diminished because of the inability of the large trucks to reach the bay area.

The defendants' witness testified first as to the values before and after, using the cost approach, placed such values at $101,429 and $88,127 for a difference of $13,302. Then that witness testified: that after the taking there would no longer be room for the large trucks to back into the loading bay; that the problem could be alleviated by paving the alleyway on another side of the property, removing a sliding door, enclosing a wall, installing an overhead door, demolishing a covered area and relocating some of the machinery. The reasonable cost of those changes was $13,302; that by making those changes the property would be restored to its highest and best use.

The general rules concerning the admissibility of evidence in an eminent domain case were set out by the Supreme Court of Texas in *State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 194, 198–200 (1936), as follows:

" ' "The market value of property includes its value for any use to which it may be put. If, for reasons of its surroundings, or its natural advantages, or its artificial improvements, or its intrinsic character, it is peculiarly adapted to some particular use, all the circumstances which make up this adaptability may be shown, and the fact of such adaptation may be taken into consideration in estimating the compensation." '

\* \* \* \* \* \*

" 'The fact that the road necessitated additional fencing and establishment of an additional watering place in order to restore the land to its former usefulness and value for the purpose for which it was used by the owner was evidence of a depreciated value. The cost of additional fencing, establishing water places, and other items of like nature necessitated by the laying of the road do not constitute a measure of damage and are not recoverable as distinct items of damage, but evidence of this nature is admissible, and is entitled to be accorded its proper probative force in determining whether the tract of land as a whole has been damaged.'

\* \* \* \* \* \*

" 'In arriving at this second item of damage [depreciation in value to the remainder], the parties would have the right to introduce evidence of everything that would tend to affect the value of the land, in the estimation of a proposed purchaser, or that would tend to make it more or less valuable to the present owner, such as the shape in which the tract will be left; the increased amount of fencing, if any, that will be required; the increased expenditure made necessary to provide water; the added facilities, if any, provided for travel to the owner of the land.'

\* \*. \* \* \* \*

"The matters of proof touching value as well as damages are so varied and multitudinous that only general rules can be formulated.

"Generally, it may be said that it is proper as touching the matter of the value and depreciation in value to admit evidence upon all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the present market value."

In *Spindor v. Lo-Vaca Gathering Company,* 529 S.W.2d 63 (Tex.1975), the general rule is restated to the effect that the fac-

tors to be considered are those that would reasonably be given consideration in negotiations between a willing seller and a willing buyer. Also, this statement is made at page 65:

"The expert's estimated cost to restore property is admissible in a condemnation trial to prove the probable diminution in fair market value of the remainder immediately after the taking, regardless of whether any actual damage occurs."

The most recent expression from the Texas Supreme Court is in *State v. Schaeffer,* 530 S.W.2d 813 (Tex.1976), 19 Texas Sup.Ct. Jrl. 113, 115 (December 20, 1975).

"And depending on the particular circumstances, removal, reconstruction or replacement costs of improvements located on the property taken or the property remaining may or may not be a proper subject of inquiry."

Apparently there are few cases in Texas passing directly upon the question before us. In one of the early cases, *State v. Blair,* 72 S.W.2d 927 (Tex.Civ.App.—El Paso 1934, no writ), the Court held specifically that evidence as to the cost of moving the buildings on the remainder was competent to show the extent of the depreciation in value of such remainder. The evidence in this case showed that by taking a 11.5 foot strip of land, the use of the land for a filling station and tourist camp would be interfered with; that there would not be room for cars to back into the garage used in connection with the tourist camp, and there was not room to stop an automobile by the gasoline pump. Evidence was admitted by the trial court to show the cost of moving the buildings and pump further away from the highway. See also, *Bois D'Arc Island Levee Imp. Dist. No. 4 v. Shepherd,* 522 S.W.2d 584 (Tex.Civ.App.—Tyler 1975, no writ).

 The trial court did not err in allowing the witness to testify to the cost of the renovation work necessary to restore the remainder to its highest and best use.

The testimony supports the jury findings as to values of the remainder before and after the taking. These points of error are overruled.

The City has a series of points complaining about the action of the trial court in allowing evidence which showed the rental, on the property involved in this suit, was reduced $120 per month after the taking date. The testimony of witnesses showed the land taken reduced the amount of parking space and some land was rented across the street to replace such parking space. The defendant lessee paid the same amount of rent, but $120 per month was paid by defendant owners for the land across the street, reducing their income by that amount.

The lease between the defendant owners and defendant lessee was admitted in evidence without objection. Such lease provided specifically that the rental would be reduced if a part of the premises was taken by condemnation proceedings. No witness testified that the loss of the parking area was a factor to be considered in determining the value of the remainder.

We have found no cases precisely in point. Our case is not controlled by *City of Dallas v. Priolo,* 150 Tex. 423, 242 S.W.2d 176 (1951). In that case the strip of land taken provided seven head-in parking spaces in front of a grocery and liquor store. A witness for the owner testified as to the value of the land taken and the lessened value of the remainder. He stated that one of the value factors considered by him was the parking facilities, and at considerable length he testified as to the value of parking space. He stated further that the land and building would sell for a great deal less with no parking space in front of them. The Supreme Court made it clear that where the ownership of the land, improvements and business are in the same person, that evidence of loss of business by reason of the loss of parking space, was admissible, not as a separate item of damages, but as affecting the market value of the remainder.

There are other cases which stand for the proposition that rental value is admissible as bearing on the issue of market value and that reduction of rental value is admissible as bearing on the issue of diminution in value of the remainder. See *City of Dallas v. Shackelford,* 200 S.W.2d 869 (Tex.Civ. App.—Dallas 1946, writ ref'd n. r. e.); *Reeves v. City of Dallas,* 195 S.W.2d 575 (Tex.Civ.App.—Dallas 1946, writ ref'd n. r. e.); and *Frankfurt v. Texas Turnpike Authority,* 311 S.W.2d 261 (Tex.Civ.App.— Texarkana 1958, no writ).

We think it is clear that the value witness in this case could have taken the loss of parking space into consideration as a factor in determining the diminution in value of the remainder. The testimony does not show this to have been the case. We do not hold the admission of evidence, as to rental value of the land across the street, was error, but we affirmatively find that it was not reversible error in this case, in view of all of the evidence. Tex.R.Civ.P. 434. These points are overruled.

Affirmed.