**Bobbie M. THOMSON, Appellant,**

v.

**The CHARTER OAK FIRE INSURANCE COMPANY, Appellee.**

**No. 5793.**

Court of Civil Appeals of Texas, Waco.

Dec. 1, 1977.

Thomas F. Ryan, Ryan & Dobbs, Houston, for appellant.

Frank Gibbs, Vinson & Elkins, Houston, for appellee.

HALL, Justice.

In this suit appellant Bobbie M. Thomson sought to recover workmen's compensation benefits. After trial to a jury, a take-nothing judgment was rendered on the verdict against appellant. She appeals. We affirm.

In her single point of error appellant asserts the court erred in submitting an incorrect definition of the term "injury" to the jury and in refusing to submit her requested definition. Appellant's only objection to the definition submitted was that she "objects to the definition of the injuries."

Rule 274, Vernon's Tex.Rules Civ.Proc., provides that a party objecting to a charge "must point out distinctly the matter to which he objects and the grounds of his objection," and that any complaint "as to an instruction, issue, definition, or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections." Appellant's statement that she "objects to the definition" did not meet the specificity called for by this rule, and in effect was not an objection. *Texas Employers' Insurance Association v. Jones*, 393 S.W.2d 305, 306 (Tex.Sup.1965). Appellant's complaint was therefore waived.

The judgment is affirmed.