**The STATE of Texas, et al., Petitioners,**

v.

**Charles D. TRAVIS, et al.,
Respondents.**

**No. C–5588.**

Supreme Court of Texas.

Jan. 14, 1987.

Rehearing Denied Feb. 18, 1987.

Lane Nichols, City Atty., Beaumont, and Tyrone E. Cooper, Asst. City Atty., for petitioners.

Floyd A. Landrey and Brack Jones, Jr., Moore, Landrey, Garth & Jones, Beaumont, for respondents.

PER CURIAM.

The question before us is whether, in a condemnation suit, evidence of lost profits is admissible as a separate item of damages. The trial court held that the evidence was not admissible. The court of appeals, in an unpublished opinion, reversed the judgment of the trial court and remanded to that court in order that the evidence on lost profits could be presented to a jury. We reverse the judgment of the court of appeals.

The State of Texas condemned certain property in Beaumont to widen a state highway. One partially condemned building owned by the Travises had been leased out by them to a Mr. Markham for use as a motorcycle sales shop. Representatives of the state contacted Markham and informed him of the state's intent to condemn. Markham moved out and found other commercial space.

At trial, the Travises attempted to proffer testimony that they lost rental profits of $1,000 per month for 29 months. The trial court disallowed the testimony. The court of appeals held that such testimony is admissible.

In *City of Dallas v. Priolo*, 150 Tex. 423, 242 S.W.2d 176 (1951), this court noted that evidence of injury to a business is admissible in a condemnation suit to show that the market value of the land was affected by the condemnation. The court stated, however, that evidence of injury resulting from

condemnation is not admissible as a separate item of damage.

In the instant case, the Travises sought lost business profits as a separate item of damages over and above the fair market value of the land taken and the damages occasioned to the remainder by reason of the taking.

Because the opinion of the court of appeals is contrary to the rule announced in *Priolo,* pursuant to Tex.R.App.P. 133(b), a majority of this court grants the writ of error, and, without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court.