Bill C. HAYNES et al., Petitioners,

v.

CITY OF ABILENE et al., Respondents.

No. C-2010.

Supreme Court of Texas.

Nov. 9, 1983.

Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for petitioners.

Harvey Cargill, Jr., City Atty., Abilene, Henderson, Bryan & Wolfe, Ronald H. Clark, Sherman, for respondents.

ROBERTSON, Justice.

This appeal seeks review of a special assessment imposed by the City of Abilene against several property owners for the improvement of a street abutting their lots. The trial court invalidated the assessment and found that the property received no special benefits as a result of the improvement. The court of appeals reversed. 645 S.W.2d 928. The landowners contend the city's assessment was not supported by substantial evidence showing their property

would be specially benefited in an amount equal to or greater than the amount of the assessment because they have no direct access to the improved road. We agree and reverse the judgment of the court of appeals.

The plaintiffs in this cause are four property owners who own lots abutting Antilley Road in Abilene. In November, 1973, the City passed a bond issue authorizing funds for the improvement of Antilley Road, which was at that time a paved, two lane road running from east to west through the southern part of the City. On March 21, 1981, the City Council approved the repaving of Antilley Road as a 64 foot wide street with curbs and gutters. On that date, the City Council passed Ordinance No. 23–1981 assessing abutting landowners, including plaintiffs, for part of the costs of the improvements. At the public hearing on the ordinance, the City heard testimony from its City Engineer on the cost of the improvements and his suggestion that abutting property owners be assessed $14.94 per front foot along Antilley Road. It also heard testimony from Mr. Jimmy Partin, a certified real estate appraiser, to the effect that, in his opinion, improvements to the road would enhance the abutting properties at least $14.94 per front foot when completed. Plaintiffs were each assessed $13.94 per front foot, reflecting a $1.00 reduction because their property abutted the road at the back of the lots, rather than the front.

Antilley Road runs from east to west near the southern edge of the City of Abilene, connecting two major north-south thoroughfares: Buffalo Gap Road and U.S. Highway 83–84. The plaintiffs' four lots lie between these two junctions, abutting Antilley Road on its northern edge. The plaintiffs' lots are part of the Fairway Oaks subdivision, a residential community surrounding a golf course. Along the southern edge of each of the plaintiffs' lots, between them and Antilley Road, runs a continuous cinderblock and plaster wall, some six feet in height. Because of this wall, plaintiffs have no direct access to Antilley Road. The plaintiffs each testified that in order to reach Antilley Road they had to travel ei-

ther east or west through the subdivision on Pinehurst Street, then south on connecting streets to Antilley Road. This trip was estimated to be three-quarters to one mile in length. The plaintiffs argue that because they have no direct access to Antilley Road, they have received no special benefit upon which a special assessment may be based.

At the trial of this cause, the City's sole evaluation witness, Mr. Partin, testified that the only evidence he presented to the City Council at its public hearing was his statement that he had examined the property abutting Antilley Road and that, in his expert opinion, each lot would be enhanced by at least the amount of the proposed assessment. Partin testified that the Council had no other evidence before it supporting his opinion, and that he was not questioned on his conclusion.

■ There is a strong presumption in favor of the validity of municipal legislative action and the burden of proof is on the parties seeking to invalidate it. *City of Pharr v. Tippitt,* 616 S.W.2d 173, 176 (Tex. 1981). Our review of the City's special assessment is governed by the substantial evidence rule. *City of Houston v. Blackbird,* 394 S.W.2d 159, 163 (Tex.1965). Substantial evidence need not be much evidence, and although "substantial" means more than a mere scintilla, it is less than is required to sustain a verdict being attacked as against the great weight and preponderance of the evidence. Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 S.W. L.J. 239, 241 (1969).

■ While we are not free to substitute our judgment for that of the City Council, we are not bound to accept the City's evidence uncritically. We have the power to closely examine the evidence presented by both sides for infirmities. This Court "does not have to consider incredible, perjured or unreasonable testimony because such evidence is not substantial." *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 440 (1946). However, taking the evidence as a whole, we must affirm the action of the

City Council unless reasonable minds could not have reached the conclusion the Council reached in justifying its action. *Trapp, supra* at 441.

The assessment by the City of Abilene is controlled by Article 1105b, Vernon's Texas Revised Civil Statutes, Annotated (Supp. 1982). Section 9 of this Article requires a hearing prior to the imposition of any assessment, stating in pertinent part:

> No assessment herein provided for shall be made against any abutting property or its owners, ... until after notice and opportunity for hearing as herein provided, and no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing.

TEX.REV.CIV.STAT.ANN. art. 1105b, § 9 (Vernon's Supp.1982).

█ Our review of the special assessment in this and every case must begin with the concept of "special benefit." Special benefit is not merely a creature of statute. Both our state and federal constitutions limit special assessments to the amount of benefit conferred on the property assessed. An assessment against property and its owner for paving improvements on any basis other than for benefits conferred and in an amount materially greater than the benefits conferred violates Section 17 of Article 1 of the Constitution of Texas, which prohibits the taking of private property for public use without just compensation. *City of Houston v. Blackbird, supra* at 162; *Hutcheson v. Storrie,* 92 Tex. 685, 51 S.W. 848, 851 (1899); *Village of Norwood v. Baker,* 172 U.S. 269, 19 S.Ct. 187, 43 L.Ed. 443 (1898).

█ Recognizing that the City's power to assess plaintiffs' property is restricted to the amount of special benefit conferred by the improvements, we turn to an examination of the meaning of those words. The concept of special benefit, (and its converse, special injury), has importance in eminent domain law as well as special assessment cases. *See* TEX.REV.CIV.STAT.ANN. art. 3265, § 4 (Vernon 1968). In eminent domain cases, compensation for land injured but not actually taken is paid on the basis of injury which is special to the given piece of property. Where only a portion of a larger tract is taken for a public purpose, compensation for damage to the remainder will be offset by the amount of special benefit conferred on the remaining portion by virtue of the public works. *See, e.g., State v. Meyers,* 292 S.W.2d 933, 938 (Tex. Civ.App.—Waco 1956, writ ref'd n.r.e.); *State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 194 (1936); 3 Nichols, *Eminent Domain* § 8.62 (1978).

Despite its frequent use, special benefit appears to have escaped precise definition by the courts. In *Gulf, Colorado & Santa Fe Railway Co. v. Fuller,* 63 Tex. 467, 473 (1885), this Court approved a jury charge in a condemnation case which instructed that benefits or injuries received "in common with the community generally" were not to be considered in determining damages. This Court refined its conception of special benefit in *Texarkana & N.W.R. Co. v. Goldberg,* 68 Tex. 688, 5 S.W. 824 (1887). As in *Fuller,* Goldberg sued for recovery of damages to his property occasioned by the operation of defendant's railway in the street abutting his house. This Court held the fact that the injury was common to all other property holders *on the street* would not bar the plaintiff's right of recovery. The principle that benefit or injury accruing to property on the same street abutting the public improvement may still be "special" as to each such property has been reaffirmed in special assessment cases. *City of Dallas v. Priolo,* 150 Tex. 423, 242 S.W.2d 176, 180 (1951), *Citing City of Dallas v. Firestone Tire & Rubber Co.,* 66 S.W.2d 729, 733 (Tex.Civ.App. Dallas, 1933, writ ref'd).

█ From these cases, it is clear that the term "special benefit" connotes an enhancement more localized than a general improvement in community welfare, but not necessarily unique to a given piece of property. A special benefit is one going beyond

the general benefit supposed to diffuse itself from the improvement through the municipality. *Dallas v. Firestone Tire & Rubber Co., supra* at 733.

At the trial of this cause, Mr. Partin testified at length on the methodology used to approximate the change in value of the abutting property over time, and maintained that the improvements to Antilley Road were responsible for at least 50% of the rise in value of this property above other factors which may have affected land values in the area. When cross-examined by plaintiffs' counsel and the court, Partin stated that the reason for the enhancement was "ingress and egress." He admitted that because the plaintiffs were separated from Antilley Road by the cinderblock wall, they had no direct access to the Road, and therefore had no greater access than their neighbors across the street to the north.

■ The City argues that the plaintiffs "will obtain all of the benefits of rapid access to the hospital and office complexes being built on Antilley Road since it was paved without any loss of privacy. The wall affords [plaintiffs] all of the benefits of the improved road and protects them from any inconvenience." While this may be true, it does not establish that the benefits conferred on the plaintiffs were special, as required by statute and constitution. Plaintiffs Haynes, Cobb, and Hollowell each testified that they had to travel from three quarters to one mile to gain access to Antilley Road. This being the case, they share the benefit of ingress and egress with all other property owners within a three-quarter to one mile radius of the common points of access to the road. Such a benefit is not "special" to the plaintiffs' property.

■ The City is correct in its argument that the plaintiffs' personal opinions on the desirability of having a major thoroughfare nearby are not decisive. It is the value of the land in the marketplace, not in the minds of the present owners, which is at issue. *City of Houston v. Parkinson,* 419 S.W.2d 900, 907 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). To rebut the City's evidence, plaintiffs called a real estate appraiser and a real estate broker who both testified that in their opinion the value of abutting land had not been enhanced by the widening of the road. Disagreement between experts does not render insubstantial the evidence presented. *Purolator Courier Corp. v. Railroad Commission of Texas,* 548 S.W.2d 486, 491 (Tex.Civ.App. —Austin 1977, writ ref'd n.r.e.); *State Banking Board v. Proposed Central Park Bank of Dallas,* 522 S.W.2d 717, 719 (Tex. Civ.App.—Austin 1975, writ ref'd n.r.e.). An administrative body may be confronted with opposing views on an issue and simply find one side more convincing. *State Banking Board v. Valley National Bank,* 604 S.W.2d 415, 423 (Tex.App.—Austin 1980, writ ref'd n.r.e.). Nevertheless, there is no presumption of special benefit which arises simply by virtue of the improvement of a city street. *Dallas v. Firestone Tire & Rubber Co., supra* at 734. Improvement of a street may cause a decline in the value of residential property. *City of Houston v. Blackbird, supra.* While this case differs from prior cases in which municipalities have introduced *no* evidence in support of their assessments, we find the City's evidence insubstantial on the issue of special benefit. *Compare City of Houston v. Blackbird, supra; Garcia v. City of Alice,* 505 S.W.2d 611, 612 (Tex.Civ.App.—San Antonio 1974, no writ).

We hold on the basis of substantial evidence that the recommended assessment exceeded the special benefit to the plaintiffs' property. All the Council could have determined from the evidence was a general enhancement in value common to many property owners in the area. Taken as a whole, Mr. Partin's evidence on increased values is not substantial on the question of whether those benefits were "special".

The judgment of the court of appeals is reversed and judgment is here rendered holding the assessments made by the City of Abilene against these plaintiffs to be and the same are declared void and unenforceable.