**CITY OF ARLINGTON,**
Texas, Appellant,

v.

**Lester M. BYRD and Wanda J. Byrd, Abram H. Clark and Sandra L. Clark, Homer Ellis and Mary Ellis, James Hayes and Imogene Hayes, Walter S. Holtzclaw, Joel Laxson and Barbara Laxson, E.E. Rawdon and Lois Rawdon, Elizabeth Sandlin, G.R. Stephens and Dovie Stephens, John Sullivan, Virgil E. Waldrop and Betty S. Waldrop, Appellees.**

No. 2–85–230–CV.

Court of Appeals of Texas,
Fort Worth.

July 31, 1986.

---

**1.** The indictment did not include an allegation of recklessness.

Jay Dogey, City Atty., and John C. Stewart, Asst. City Atty., Arlington, for appellant.

Kerry, Harrison, Brown, Lewis, Steck & Forderhase, and William R. Brown, Goodman, Wells & McClaren, Arlington, for appellees.

Before FENDER, C.J., and HOPKINS and FARRIS, JJ.

## OPINION

FARRIS, Justice.

The City of Arlington appeals a judgment declaring void an ordinance that assessed the appellees a portion of the cost of road improvements.

We affirm.

Appellees own and reside on eleven tracts adjoining Pleasant Ridge Road in the City of Arlington. Pleasant Ridge Road was a two-lane street, bordered by drainage ditches, without curbing or sidewalks.

After the passage of the ordinance in question Pleasant Ridge Road was widened to a four-lane divided street with storm sewers, curbing and sidewalks. Before passage of the ordinance, the City determined that the improvements would produce an estimated increase in value to the properties of $50.00 per front foot along Pleasant Ridge Road. It is stipulated that the appellees were assessed at the rate of either $22.00 or $39.77 per front foot and that the appellees' assessments ranged from $472.78 to $11,931.00.

After trial before the court, the trial court entered judgment for the appellees declaring the ordinance void and awarding the appellees attorneys' fees and costs. In support of the judgment, the trial court made findings of fact that there was no evidence of special benefit accruing to the appellees either at the City Council hearing or the trial and concluded that the appellees receive no special benefit as a result of the improvements to Pleasant Ridge Road.

TEX.REV.CIV.STAT.ANN. art. 1105b (Vernon 1963) and (Vernon Pamp.Supp. 1986) controls the City's assessment ordinance. Section 9 of the article prohibits assessing any abutting property owner in excess of the special benefit to the property and the enhanced value thereof resulting from the improvements. The City must determine special benefit at a hearing conducted according to the provisions of art. 1105b. We are called upon to review the validity of the City's determination. We begin with the Texas Supreme Court's definition of special benefit:

> [T]he term "special benefit" connotes an enhancement more localized than a general improvement in community welfare, but not necessarily unique to a given piece of property. A special benefit is one going beyond the general benefit supposed to diffuse itself from the improvement through the municipality.

*Haynes v. City of Abilene*, 659 S.W.2d 638, 641–42 (Tex.1983). With regards to the standard of review to be employed, the *Haynes* court stated:

> There is a strong presumption in favor of the validity of municipal legislative action and the burden of proof is on the parties seeking to invalidate it. *City of Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex.1981). Our review of the City's special assessment is governed by the substantial evidence rule. *City of Houston v. Blackbird*, 394 S.W.2d 159, 163 (Tex. 1965). Substantial evidence need not be much evidence, and although 'substantial' means more than a mere scintilla, it is less than is required to sustain a verdict being attacked as against the great weight and preponderance of the evidence. Reavley, *Substantial Evidence and Insubstantial Review in Texas*, 23 S.W.L.J. 239, 241 (1969).

*Id.* at 640.

In its first point of error, the City complains that there was substantial evidence to support its finding that each of the appellees' properties would be specially benefitted by the improvements in an amount equal to or greater than the assessments. If there is substantial evidence to support the City's findings of special benefit, then the City's ordinance must stand. *See Firemen's & Policemen's Civ. Serv. v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984).

Before discussing the City's point of error, we must determine what evidence, if any, the trial court was entitled to consider in determining the validity of the City's ordinance. The evidence presented to the trial court was of two types, evidence of what the City Council considered in reaching its determination and evidence of matters not presented to the City Council which contradicted the City's determination of special benefit; e.g., property appraisals and evidence of detriment to property values resulting from the improvements. The City contends that the trial court violates the substantial evidence rule if it bases its decision to void the assessment on any evidence not first presented to the City during the hearing procedure preceding the City's determination. The City contends that any determination of fact by the court amounts to trial de novo, not permit-

ted under the substantial evidence rule. The Supreme Court recognized that the difficulty in applying the substantial evidence rule arises from the dual role trial courts must play. "On one hand, the court must hear and consider evidence to determine whether reasonable support for the administrative order exists. On the other hand, the agency itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law." *Id.* at 956.

In the *City of Houston v. Blackbird,* 394 S.W.2d 159, 164–65, (Tex.1965), a case involving the validity of a similar assessment ordinance, the Supreme Court recognized the propriety of the courts considering not only the testimony of the evidence considered by the city council, but also evidence of occurrences subsequent to the city's determination when the proof of the subsequent occurrence was the best evidence available of what the city council should have known would occur at the time of its determination.

■ As we have noted, the trial court considered the testimony and documentary evidence of the evidence presented to the City Council on special benefit as well as other evidence not available to the City Council. We do not agree with the City's contention that it is improper for the court to consider evidence merely because that evidence was not available to the City in its determination; however, the evidence of matters considered by the City Council is sufficient for our determination of the appellant's first point of error.

■ We hold that there was not substantial evidence presented to the City Council to support its finding that the special benefit to the appellees' properties equaled or exceeded the assessment. At the trial of this cause the parties introduced into evidence the documents considered by the City in its determination of the special assessment of the Pleasant Ridge Road property owners and the transcript of the minutes of the City Council's hearing. The documents show that the City's determination of special benefit was based upon speculation as to future use of the appellees' properties.

At the trial of this cause, City employees testified that the special benefit to the adjoining landowners was estimated on an anticipated increase in value that assumed that the appellees' properties were unimproved real estate when, in fact, each of the appellees' properties was improved, single-family residential property. Rickey Tankersley, the City's appraiser, testified that his estimates of value were based upon a change of use of the properties from single-family residences to a more dense residential development even though the properties were presently zoned single-family residences. Tankersley was unable to testify when, if ever, the land use of the appellees' properties would change because his analysis was geared to vacant land only.

A memo from the City's Director of Public Works to the Mayor and City Council, in contrasting the Pleasant Ridge Road improvements with those on another street, referred to the possibility of sub-division or redevelopment of the Pleasant Ridge Road property "giving these properties the potential to be used for something other than its[sic] present use." A memo from the Assistant Director of Utilities/Finance to the Director of Public Works stated that the "transitional character of the market area" was given consideration in determining the enhancement. A memo from the Property Management Department of the City of Arlington to the Assistant City Engineer stated that the improvements would "have a significant influence on future land uses and values in the area." The Property Management Department memo went on to acknowledge that the property was currently zoned residential and that the City master plan called for low residential uses, but stated that the proposed street improvements and the increase in traffic would not create a conducive environment for single-family residential development but for more dense development, thus increasing the value and that without the proposed improvement to

the street, it was unlikely the changes would occur.

Speculation about substantial benefit to accrue to property owners in the indefinite future is not substantial evidence to support a special assessment. *Page v. City of Lockhart*, 397 S.W.2d 113, 120 (Tex.Civ. App.—Austin 1965, no writ). We overrule appellant's first point of error.

In its second point of error, the City complains, "The plaintiffs waived their right to complain of the actions of the Arlington City Council by failing to attend the public hearing regarding the assessments and failing to present any evidence thereat." In its findings of fact and conclusions of law, the trial court found that appellees did not waive their right to complain of the finding of special benefit.

■ In support of its contention, the City cites *Cook v. City of Addison*, 656 S.W.2d 650 (Tex.App.—Dallas 1983, writ ref'd n.r. e.). In the *Cook* case, abutting property owners appealed summary judgment for the city. In affirming the trial court judgment, the Court of Appeals found that the assessment was not arbitrary and that there was sufficient evidence before the city council to sustain the assessment. *Id.* at 659. One of the abutting property owners sought to appeal a mistaken calculation of his front footage abutting the road to be improved. No attempt was made to correct this error in calculation during the city council's hearing. The court in *Cook* held that the property owner waived his right to complain of the error in calculation when he failed to bring that matter before the city council at the art. 1105b sec. 9 hearing. The question of waiver before this court is unlike the question of waiver faced by the court in *Cook* because the appellees challenge the validity of the ordinance and not merely an error in calculation. We hold that the appellees did not waive their rights to bring this suit by their failure to appear at the City Council hearing and offer evidence in opposition to the assessment. The Supreme Court in *City of Houston v. Blackbird*, 394 S.W.2d at 164, noted that not all of the plaintiffs were present or represented by counsel at the city council hearing. Despite the failure of some of the plaintiffs to contest the assessment at the city council hearing, the Supreme Court affirmed judgment for the plaintiffs and, relying upon evidence adduced at the trial court, held that the assessments were based upon an arbitrary determination of benefits and were void. Appellant's second point of error is overruled.

In its third and final point of error the City contends that the trial court erred in awarding attorneys' fees to appellees. Appellees' petition included a request for $115,000.00 in fees and the City filed no special exceptions thereto. The court awarded appellees a total of $33,500.00 in attorneys' fees; however, the City argues that the trial court was without the authority to include any such award in the judgment.

Appellees' original petition alleged violations by the City of 42 U.S.C. secs. 1981–86 (1981), claiming that the assessment liens constituted a taking of private property without just compensation in violation of the fifth and fourteenth amendments to the U.S. Constitution. The City maintains, however, that a city is not a proper defendant in a sec. 1983 claim and that appellees are not entitled to attorneys' fees because appellees did not plead 42 U.S.C. sec. 1988 (1981) and the State statute does not provide for such an award.

■ Initially, we hold that appellant's actions did bring it within secs. 1981–86. Municipalities are "persons" within the meaning of the statute, *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611 (1978), and may be held liable for damages for constitutional violations flowing from their legislative activities, even in the absence of bad faith. *Owen v. City of Independence*, 445 U.S. 622, 647, 100 S.Ct. 1398, 1415–16, 63 L.Ed.2d 673 (1980). *See also City of Houston v. Glenshannon Townhouse*, 607 S.W.2d 930, 935 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). We now turn to sec. 1988.

42 U.S.C. sec. 1988 (1981) provides that a court, "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs" in actions to enforce secs. 1981–86. When sec. 1983 actions are brought in state courts, sec. 1988 is available as a remedy because the Supreme Court has held that sec. 1988 is an integral part of Congress' scheme to encourage compliance with sec. 1983. *Maine v. Thiboutot,* 448 U.S. 1, 11, 100 S.Ct. 2502, 2507, 65 L.Ed.2d 555 (1980); *see* Wolf, *Pendent Jurisdiction, Multi-Claim Litigation, and the 1976 Civil Rights Attorney's Fees Awards Act,* 2 W.New Eng.L.Rev. 193, 236 (1979) (state courts have concurrent jurisdiction over federal claims, so "it follows that they also have the power to apply all federal remedial statutes which may assist the state court in granting full relief"); *see also City of Amarillo v. Langley,* 651 S.W.2d 906, 915 (Tex.App.—Amarillo 1983, no writ).

 Appellees' petition alleged that the assessment liens filed by the City amounted to an interference with their title to the property and constituted a taking without just compensation.[1] The trial judge filed a conclusion of law upholding the appellees' contention. This constitutional violation provides a basis for the award of attorney's fees under 42 U.S.C. sec. 1988. *See Maine v. Thiboutot,* 448 U.S. at 9, 100 S.Ct. at 2506–07. We hold the trial court had the authority to award attorneys' fees to appellees and overrule the City's third point of error.

The judgment of the trial court is affirmed.

---

**1.** The just compensation clause of the fifth amendment was made applicable to the states through the fourteenth amendment in *Chicago, B. & O.R. Co. v. City of Chicago,* 166 U.S. 226, 236, 17 S.Ct. 581, 584, 41 L.Ed. 979 (1897). The clause provides: "... nor shall private property be taken for public use, without just compensation." U.S. Const.Amend. V.