James L. BOWMAN, D.D.S., Appellant,

v.

TEXAS STATE BOARD OF DENTAL EXAMINERS, Appellee.

No. 3–89–078–CV.

Court of Appeals of Texas, Austin.

Jan. 10, 1990.

Bill Zook, Austin, for appellant.

Jim Mattox, Atty. Gen., Brooks W. Conover, III, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

SHANNON, Chief Justice.

Appellant James L. Bowman filed an administrative appeal in the district court of Travis County complaining of an order of the Texas State Board of Dental Examiners. By its order, the Board suspended appellant's license to practice dentistry for five years, but "probated" its suspension order for all but one hundred-twenty days. The district court rendered judgment sustaining the Board's order. This Court will affirm the judgment.

Appellant is a dentist duly licensed by the Board. In the spring of 1985, appellant received notice of a complaint filed with the

Board asserting that appellant had violated certain statutes and Board rules in prescribing a controlled substance, dilaudid, for three patients.

After hearing, the Board concluded in its order that appellant:

(1) prescribed controlled substances "not necessary or required in the practice of dentistry and where the prescription and use of such would promote and further addiction in violation of Article 4551h."

(2) "is guilty of dishonorable conduct in that he grossly over-prescribed narcotic drugs in violation of Article 4549, Section 3(c), as defined by Board Rule No. 109.-211(8)."

(3) failed "to make a part of dental patient's records a listing of narcotic drugs, dangerous drugs and controlled substances which were dispensed, administered, and prescribed in violation of Board Rule 109.144(c)."

Based upon its conclusions, the Board suspended appellant's license for five years but "probated" its suspension order for all but one hundred-twenty days. Appellant then perfected an administrative appeal to district court and after hearing, the court rendered judgment sustaining the Board's order.

By his first point of error, appellant attacks the judgment complaining that the Board denied him procedural due process in that he did not "knowingly and intelligently waive his right to counsel at the administrative hearing." The facts underlying the point are as follows. Appellant appeared *pro se* before the Board in May 1985 and proposed settlement of the complaint. Upon the Board's rejection of appellant's settlement offer, appellant moved to continue the proceeding so that he could obtain an attorney. The hearing was rescheduled for October 1985. When appellant appeared *pro se* at the rescheduled hearing, he responded to questions from the Board's counsel to the effect that he had chosen to appear at the hearing without counsel and that he understood his "right."

Appellant has shown this Court no authority supporting his thesis that in an administrative proceeding of this character due process requires a showing that the licensee knowingly and intelligently waived his right to counsel. Instead, appellant refers this Court to the rule in criminal law. It is true that a valid waiver of counsel in criminal cases requires that the appellant make a knowing and intelligent waiver and that the appellant must be made aware of the dangers and disadvantages of self-representation. *Geeslin v. State*, 600 S.W.2d 309 (Tex.Cr.App.1980); *Goodman v. State*, 591 S.W.2d 498 (Tex.Cr. App.1979). Disciplinary hearings before the Texas State Board of Dental Examiners, however, are civil, not criminal. *Texas State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 117 (Tex.1988); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). Accordingly, the criminal rule is not applicable.

In civil causes wherein the absence of counsel is urged as ground for reversal, the complainant must demonstrate that his failure to be represented was not the result of his own fault or negligence. *See Crank*, 666 S.W.2d at 94-95. Appellant was entitled, of course, to counsel at the hearing; however, he was also free to proceed without an attorney. It is plain that appellant affirmatively elected to proceed *pro se*. The point of error is overruled.

Appellant complains by further point of error that he was denied procedural due process in that the Board's pleading did not place him on notice of the charges that he would be required to meet. On April 18, 1985, the Board sent appellant a letter stating that a complaint had been lodged against him and included a copy of the Board's pleading. The petition specifically sets forth the violations with which the Board charged appellant. The pleading presents the dates, treatment, and prescription for each visit of each of the three indicated patients. Additionally, the petition explicitly avers the statutes and the rules which appellant is charged with violating. From the form and content of the pleading, we are satisfied that appellant was placed on notice as to the charges

against which he would need to defend. We overrule the point.

By point of error two, appellant asserts that the district court erred in affirming the Board's order because the Board's conclusion of law number one is not supported by substantial evidence. Conclusion one relates to Tex.Rev.Civ.Stat.Ann. art. 4551h, which provides in pertinent part:

It shall be unlawful for a dentist to prescribe, provide, obtain, order, administer, possess, dispense, give, or deliver to or for any person, narcotic drugs, dangerous drugs or any controlled substances not necessary or required, or where the use or possession of same would promote or further addiction thereto....

As previously referenced, in conclusion one the Board determined that appellant prescribed "controlled substances not necessary or required in the practice of dentistry and where the prescription and use of such would promote and further addiction in violation of Article 4551h."

■ In his argument under the point, appellant notes that the Board's conclusion was stated in the conjunctive rather than in the disjunctive as set out in art. 4551h. As a result, says appellant, the Board must demonstrate that his prescription of dilaudid (1) was not necessary or required *and* (2) would promote or further addiction. Appellant then concludes that the Board failed to carry its burden by adducing evidence in support of both (1) and (2). This contention need not be examined further because he did not assert it in his motion for rehearing. To preserve error, the complaint must be assigned in the motion for rehearing and must be sufficiently definite to provide notice to the agency of the claimed error. *Sears v. State Bd. of Dental Examiners*, 759 S.W.2d 748, 750 (Tex. App.1988, no writ); *Snead v. State Bd. of Medical Examiners*, 753 S.W.2d 809, 810 (Tex.App.1988, no writ).

■ From an examination of art. 4551h, it appears plain that it is unlawful for a dentist to prescribe controlled substances either when "not necessary or required" *or* when the same would "promote or further addiction thereto." This Court has determined that the Board's conclusion that appellant prescribed dilaudid when the same "would promote or further addiction thereto" is supported by substantial evidence.[1]

The evidence shows that in the spring of 1984, appellant treated Sharon Graham, Stephen Graham, and Rebecca Scoggins. He extracted two or more teeth from each. From early April 1984 through May 1984, he prescribed dilaudid to each patient as a pain-reliever.

The Board called an oral surgeon, Dr. Sandra Edwards. Dr. Edwards identified dilaudid as an opiate substance that has "extremely relatively [*sic*] high addictive potential, both physiologically and psychologically." In her experience, the effects of dilaudid roughly parallel that of morphine. Dr. Edwards testified that, in her opinion, dilaudid should be prescribed only when the patient is in such extreme pain that he "ought to be hospitalized and have ... a pain work-up."

Dr. Edwards testified specifically about the doses appellant prescribed for each patient. In that connection, she was apprised of the dosages and the time periods over which the dosages were prescribed and she was aware of the dental procedures performed on each patient. Dr. Edwards was

---

1. An appeal from the Texas State Board of Dental Examiners is governed by the substantial evidence rule. *Tex. St. Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex.1988). As the Board's order is presumed to be supported by substantial evidence, it was appellant's burden to overcome that presumption. *City of San Antonio v. Texas Water Commission*, 407 S.W.2d 752, 758 (Tex.1966). To set aside the order, it was appellant's burden to demonstrate that the evidence, as a whole, was such that reasonable minds could not have concluded to grant the certificate to appellee. *Trapp v. Shell Oil Co.*, 145 Tex. 323, 198 S.W.2d 424, 441 (1946). As frequently observed, substantial evidence need not be much evidence, and though "substantial" means more than a mere scintilla, or some evidence, it is less than is required to sustain a verdict being attacked as against the great weight and preponderance of the evidence. Reavely, *Substantial Evidence and Insubstantial Review in Texas*, 23 Sw.L.J. 239, 241–42 (1969), *Purolator Courier Corp. v. Railroad Commission*, 548 S.W.2d 486, 490 (Tex.Civ.App.1977, writ ref'd n.r.e.).

of the opinion that the doses prescribed for Sharon Graham "could easily have gotten her well on her way toward dependency." As to Stephen Graham and Rebecca Scoggins, Dr. Edwards stated that there was "significant potential" for addiction, although the dosages were less than for Sharon Graham. In addition, appellant testified that he continued to prescribe dilaudid to Stephen and Sharon Graham after he had suspicions about their use of the drug. Point of error two is overruled.

Appellant has other points of error attacking Board conclusion two. Because this Court has decided that Board conclusion one is valid, it is not necessary to treat appellant's points assailing conclusion two.

The judgment is affirmed.