**Jack HARRIS, Appellant,**

v.

**CIVIL SERVICE COMMISSION FOR MUNICIPAL EMPLOYEES OF the CITY OF HOUSTON, Appellee.**

No. B14–90–014–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 29, 1990.

Rehearing Denied Jan. 31, 1991.

William F. McQuillen, San Antonio, for appellant.

Gretchen K. Bohnert, Houston, for appellee.

Before PAUL PRESSLER, SEARS and DRAUGHN, JJ.

## OPINION

PAUL PRESSLER, Justice.

On February 8, 1985, the appellant was indefinitely suspended from his duties as a Houston Park Police Officer. He appealed the disciplinary action to the appellee (the Commission), and on March 15, the suspension was upheld. Appellant then sought relief through an appeal to the District Court. The court dismissed the cause of action for lack of jurisdiction. Appellant appeals in two points of error. We affirm.

Appellant contends that the district court erred in concluding that it lacked jurisdiction since he was not represented by counsel at the Commission hearing and that this was a deprivation of procedural due process which could have been remedied by the Court. He also claims that the Commission erred in denying his Motion for Continuance since he had no counsel. Appellant's two points of error are similar and will be addressed collectively.

■ The 1983 law (TEX.REV.CIV.STAT.ANN. art. 1269m, § 14 A(1)) cited by appellant addressed only crossover promotions between specialized departments and "regular" police departments. Its effect was to perpetuate a different treatment of specialized officers by restricting promotions to their own class. In 1985, a large portion of the statute was again modified and the definition of "policeman" was changed to include those entitled to Civil Service Status under § 14 B. The section further directed that any city affected by this modification to the Act should reclassify their officers accordingly. These changes became effective September 1, 1985. One month later, the Houston City Council passed an Ordinance which officially transferred the officers serving within the Department of Parks and Recreation Municipal Park Police to the Houston Police Department. Appellant's indefinite suspension was signed approximately five and one half months prior to the effective date of this 1985 amendment. Therefore, the action against appellant was outside the provisions of art. 1269m, and there was no right of counsel nor a right of appeal from the administrative body to a district court.

■ As a municipal employee of the City of Houston, appellant's employment was governed by the Rules and Regulations of the Civil Service Commission for the Municipal Employees of the City of Houston and Article V(a) of the .Home Rule Charter for the City. His suspension was final following the decision of the hearing board, and he had no right to appeal absent clear statutory authorization or a claim that his constitutional rights had been violated. *Amarillo v. Hancock*, 150 Tex. 231; 239 S.W.2d 788 (1951); *Sells v. Roose*, 769 S.W.2d 641 (Tex.App.—Austin 1989, no writ).

■ In cases where the absence of counsel is urged as grounds for reversal, the appellant must demonstrate that his failure to be represented was not the result of his own fault or negligence. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1985). Appellant's counsel had received notice from the administrative board shortly after filing the complaint that he should be prepared to present his appeal on short notice. Counsel received notice of the administrative hearing nine days before the date of the hearing. Appellant did not tell the Commission that his attorney was unable to be present until the day of the hearing. The chairman of the Commission informed appellant that the Board would be unable to reconvene before the expiration of the mandatory 30–day period and that the hearing must proceed. Appellant was given time to contact his attorney and attempt to secure substitute counsel, but he was unsuccessful. Appellant's Motion for a Continuance was denied.

In a criminal trial a defendant has a right to counsel, but appellant's disciplinary pro-

ceedings were civil in nature. Neither the Texas nor United States Constitution guarantees a right to counsel in a civil suit. *Fireman's and Policeman's Civil Service Commission v. Lockart,* 626 S.W.2d 492, 494 (Tex.1981); *see also Williams v. Capitol County Mut. Fire Ins. Co.,* 594 S.W.2d 558 (Tex.Civ.App.—Fort Worth 1980, no writ). Although appellant was entitled to have representation at the hearing, this was not an absolute right. He was free to proceed without an attorney. *See Bowman v. State Bd. of Dental Examiners,* 783 S.W.2d 318 (Tex.App.—Austin 1990, n.w.h.). The Commission properly refused the Motion for Continuance given the mandatory provision of Article V concerning the time period in which a hearing must be held and appellant's untimely notification concerning his counsel's unavailability.

The trial court did not err in finding it lacked jurisdiction. The judgment of the trial court is affirmed.