RAILROAD COMMISSION OF TEXAS, Kent Hance, James Nugent, and John Sharp, its Commissioners, Aggregate Haulers, Inc., Shar Trucking, Inc., Tarmac Transportation, Inc., and Transit Control Services, Inc., d/b/a T.C.S., Appellants,

v.

ROBERT DELGADO CONSTRUCTION COMPANY, Appellee.

No. 3–91–367–CV.

Court of Appeals of Texas, Austin.

Sept. 23, 1992.

Rehearing Overruled Oct. 21, 1992.

Dan Morales, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Environmental Protection Div., Austin, for Railroad Com'n of Texas and its Comm'rs.

Nelson M. Davidson, Jr., Dripping Springs, for Aggregate Haulers, Inc., Robert L. Seibert, Dan Felts, Robinson, Felts & Mashburn, Austin, for Shar Trucking, Inc., et al.

James O. Houchins, James O. Houchins & Associates, Austin, for Robert Delgado Constr. Co.

Before CARROLL, C.J., and JONES and KIDD, JJ.

CARROLL, Chief Justice.

The district court of Travis County vacated a final order of the Railroad Commission of Texas ("the Commission") and remanded the cause to the Commission for further proceedings on the existing record. We hold that the district court applied the incorrect scope of review. Therefore, we will reverse the judgment of the district court and render judgment affirming the decision of the Commission.

## BACKGROUND

Robert Delgado Construction Company ("Delgado") applied to the Commission for a special use motor carrier certificate to transport sand, gravel, rock, asphalt, dirt, and similar materials in and around the Dallas–Fort Worth area. Four existing carriers ("the protestants") opposed the application. Following public notice and an administrative hearing, the Commission issued a final order denying Delgado's application. Delgado timely filed a motion for rehearing with the Commission, which was denied. Delgado then brought an action for judicial review of the final order of the Commission in the district court of Travis County, under section 19 of the Administrative Procedure and Texas Register Act ("APTRA"), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (West Supp.1992), and as authorized by section 20 of the Motor Carrier Act, Tex.Rev.Civ.Stat.Ann. art. 911b, § 20 (West 1964). The district court found that the protestants had "failed to sustain

their burden of proof under § 4(e) of the Motor Carrier Act," reversed the decision of the Commission, and remanded the cause to the Commission for reconsideration on the existing record. The Commission and the protestants appeal the judgment of the district court.

The Commission and the protestants bring two points of error on appeal. They argue that the district court erred by holding that the protestants failed to sustain their burden of proof under section 4(e) of the Motor Carrier Act and by directing the Commission to reconsider the matter on the existing record.

## SCOPE OF REVIEW

The district court stated in its order that "[t]he evidence of record shows that the protestants to the involved application failed to sustain their burden of proof under Section 4(e) of the Motor Carrier Act; therefore, the Commission violated the terms of the Motor Carrier Act by concluding that the protestant carriers proved their adequacy and by denying the involved application." This language indicates that the district court reviewed the sufficiency of the evidence supporting the conclusions of the Commission under a "burden of proof" scope of review. The proper scope of review is the substantial evidence test. Under section 19(e)(5) of APTRA, the scope of review includes an inquiry whether the agency's findings, inferences, conclusions, and decisions are reasonably supported by substantial evidence in the record as a whole. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex.1984); Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 19(e) (West Supp.1992).

## SUBSTANTIAL EVIDENCE

This Court has extensively discussed the substantial evidence test in *Lone Star Salt Water Disposal Co. v. Railroad Commission of Texas*, 800 S.W.2d 924, 928 (Tex. App.—Austin 1990, no writ):

To determine whether an agency's decision is supported by substantial evidence, as APTRA § 19(e)(5) requires, we

must determine whether, in considering the record upon which the decision is based, the evidence as a whole is such that reasonable minds could have reached the conclusion which the Commission must have reached in order to justify its action. *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989); *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984). In determining whether there is substantial evidence to support the order, the reviewing court may not substitute its judgment for the Commission's, and must consider only the record upon which the decision is based. *Sizemore,* 759 S.W.2d at 116. The evidence in the agency record may actually preponderate against the Commission's decision, but still amount to substantial evidence supporting it. *Charter Medical,* 665 S.W.2d at 452. The burden is on the complaining party to demonstrate an absence of substantial evidence. *Id.* at 453.

Final orders of the Commission are presumed to be valid. *Imperial Am. Resources Fund, Inc. v. R.R. Comm'n of Texas,* 557 S.W.2d 280, 284 (Tex.1977). Where the evidence in the record before an agency will support either an affirmative or a negative finding, the agency order must be upheld. *Auto Convoy Co. v. R.R. Comm'n of Texas,* 507 S.W.2d 718, 722 (Tex.1974). Any conflict in the evidence must be resolved in favor of the agency's decision. *Warner v. City of Lufkin,* 582 S.W.2d 165, 167 (Tex.Civ. App.—Beaumont 1979, writ ref'd n.r.e.).

In the administrative hearing, Delgado presented evidence supporting its application, as required by section 4(e) of the Motor Carrier Act. Tex.Rev.Civ.Stat.Ann. art. 911b, § 4(e) (West Supp.1992). The protestants then presented evidence on their objection to the application based on "reasonably adequate service" by the existing carriers in the area, pursuant to sections 4(e), 5a(d), and 8 of the Motor Carrier Act. Tex.Rev.Civ.Stat.Ann. art. 911b, §§ 4(e), 5a(d), and 8 (West 1964 & Supp. 1992). The Commission weighed the evidence and issued specific findings of fact and conclusions of law. Delgado did not object to the findings of fact in either its motion for rehearing before the Commission or the original petition filed in the district court. Therefore, Delgado waived any objections to the findings of fact. *Bowman v. Texas State Bd. of Dental Examiners,* 783 S.W.2d 318, 321 (Tex. App.—Austin 1990, no writ). From these uncontroverted findings of fact the Commission reasonably could conclude that "reasonably adequate service" exists, a conclusion which supports the denial of the application.

The district court, by its order, improperly substituted its judgment on the weight of the evidence for that of the Commission. We find that substantial evidence exists in the record to support the Commission's conclusion of "reasonable adequate service" and sustain point of error one. Therefore, we reverse the district court judgment and render judgment affirming the order of the Commission. Having reversed the district court judgment on the point of error one, we do not reach point of error two.

## CONCLUSION

We reverse the judgment of the district court and render judgment affirming the final order of the Railroad Commission of Texas.